**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MILTON JOSEPH TAYLOR,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 15-cv-01468 (APM)** |
| **SOCIAL SECURITY ADMINISTRATION,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This matter has taken a long and winding path, but at long last is ripe for resolution. Plaintiff Joseph Milton Taylor's Complaint, generally speaking, challenges the Social Security Administration's ("SSA") August 18, 2014, determination that it had overpaid Plaintiff by more than $25,000. *See* Compl., ECF No. 1 [hereinafter Compl.], at 18.[1] The SSA believed that it had paid Plaintiff benefits during periods of incarceration in violation of agency regulations. *See* 20 C.F.R. § 404.468(a) (stating that "[n]o monthly benefits will be paid to any individual for any month any part of which the individual is confined in a jail, prison, or other penal institution or correctional facility for conviction of a felony"). In response, Plaintiff sought reconsideration of the SSA's determination. On or about October 3, 2016—more than a year after Plaintiff filed this suit—the SSA concluded that the actual amount of overpayment was considerably less, amounting to only $1,956 (hereinafter "Revised Determination"). *See* Pl.'s Mot. for J. of Reversal, ECF No. 29 [hereinafter Pl.'s Mot.], Ex. Nos. 1–3, at 9–11. Notwithstanding his success on administrative review, Plaintiff maintains that the Revised Determination is incorrect. *See id.* at

[1] All pin citations are to the page numbers generated by the electronic filing system.

1–2. He also asserts a constitutional challenge to 20 C.F.R. § 404.468(a), the regulation that is the basis for the Revised Determination. *See* Compl. at 3–8; Pl.'s Mot. at 1–2.

On November 10, 2016, the SSA filed a Motion to Dismiss the Complaint, asserting that the court lacks jurisdiction over this matter because Plaintiff failed to exhaust his administrative remedies. *See* Def.'s Mot. to Dismiss, ECF No. 30. That argument, however, entirely missed the mark, as the SSA's exhaustion argument concerned an earlier decision regarding Plaintiff's benefits eligibility, and not the Revised Determination that Plaintiff challenges in the present dispute. *See id.* at 1 (asserting that Plaintiff failed to exhaust an Administrative Law Judge's decision, dated April 26, 2013). Recognizing that the SSA had misconstrued Plaintiff's Complaint, the court held a status hearing on May 24, 2017, to clear up the confusion. *See* Dkt. Entry, May 24, 2017. At the hearing, the court ordered the SSA to submit a "report to the Court on two matters: (1) whether plaintiff has appealed the [Revised Determination], and if so, whether plaintiff's appeal was timely filed and the status of the appeal; and (2) defendant's position as to whether plaintiff first must challenge to the constitutionality of 20 C.F.R. § 404.468 at the agency level before raising the claim in district court." *See* Minute Order, May 25, 2017.

The SSA filed its Status Report on June 14, 2017. *See* Resp. to Order, ECF No. 37 [hereinafter Def.'s Resp.]. The SSA (1) represented that Plaintiff had not appealed the Revised Determination, and (2) argued that Plaintiff's constitutional challenge to 20 C.F.R. § 404.468 had to be raised first with the SSA. *See id*. Because the SSA's legal arguments for dismissal were set forth clearly in its Status Report, the court treated the Status Report as a motion to dismiss and set July 14, 2017, as the deadline for Plaintiff's opposition. *See* Order, June 16, 2017, ECF No. 38. Plaintiff did not, however, file an opposition by the deadline. Accordingly, the SSA's motion to

dismiss for lack of subject matter jurisdiction is now ripe for consideration. For the reasons discussed below, the court grants the motion.

The Social Security Act permits judicial review of an SSA action only after a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Ordinarily, a "final decision" comes about only after a four-step administrative review process: "(1) an initial determination; (2) a reconsideration determination; (3) a hearing before an [Administrative Law Judge ("ALJ")]; and (4) review by the Appeals Council." *Beattie v. Astrue*, 845 F. Supp. 2d 184, 191 (D.D.C. 2012). The Commissioner's "final decision" is a jurisdictional prerequisite to filing suit in federal court. *See Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993). The D.C. Circuit has explained that the "final decision" requirement "consists of two components, a presentment requirement and an exhaustion requirement. Only the presentment requirement is purely jurisdictional in the sense that it cannot be waived. The exhaustion requirement, by contrast, can be waived." *Id.* (internal citation omitted).

In this case, Plaintiff has failed to satisfy the non-waivable presentment requirement as to both his constitutional and non-constitutional claims. According to the SSA, Plaintiff has not in any way objected to the Revised Determination, either by requesting reconsideration of that decision or by demanding a hearing before an ALJ. *See* Def.'s Resp. at 2. Likewise, there is nothing on the record reflecting that Plaintiff in fact made such an objection. The court has reviewed all of Plaintiff's filings in this matter, including the attached exhibits, and there is simply no evidence showing that Plaintiff contested the Revised Determination, either on the theory that the SSA's final overpayment calculation was incorrect or that 20 C.F.R. § 404.468 is unconstitutional. Therefore, having failed to present the claims he now advances before this court to the SSA in the first instance, the court finds that it lacks subject matter jurisdiction over this

action.[2] *See Ryan*, 12 F.3d at 247 & n. 3 (finding that the plaintiff had satisfied the presentment requirement "by requesting reconsideration" of the SSA's decision).

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 30, as amended by its Status Report, ECF No. 37, is granted. Plaintiff's Motion for Judgment of Reversal, ECF No. 29, is denied. The Complaint and this matter shall be dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Dated: July 21, 2017

Amit P. Mehta
United States District Judge

[2] Alternatively, the court finds that Plaintiff has failed to exhaust his administrative remedies and that the SSA has not waived the exhaustion requirement as to both Plaintiff's constitutional and non-constitutional claim. *Cf. Ryan*, 12 F.3d at 248–49 (holding that the SSA has not waived the exhaustion requirement for constitutional challenges and that the exhaustion requirement is not futile).